(No. 3853— ▆▆▆▆▆▆▆▆▆▆▆)

CITY OF JACKSONVILLE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1946.*

WALTER BELLATI, City Attorney, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, J.

The claimant, City of Jacksonville, a municipal corporation, maintains and operates a municipal water plant supplying water for residential and commercial purposes. The Illinois School for the Deaf, conducted by the respondent at Jacksonville, under the direction of the Department of Public Welfare, is one of the large consumers supplied by the municipal water plant.

To measure the water used by the school, three meters were installed by the claimant. The monthly

readings of the three meters are combined, and the respondent billed for the combined consumption at a flat rate of 9.4 cents per thousand gallons.

It is alleged by claimant, that during the year 1941, one of the meters failed to function properly, was removed and repaired, and again placed in operation on August 16th with the indicators set at zero. The claimant alleges that thereafter the meter was incorrectly read until January, 1943, the meter reader failing to add a cipher to his reading of the gallons consumed.

In January, 1943, a corrected reading showed an actual consumption of 27,419,175 gallons in excess of the gallonage which had been billed the respondent during the period in question, and the claimant alleges that there was due the municipality for this excess the sum of $2,577.40.

After some discussion between an officer of the respondent and the claimant, a compromise settlement was suggested which would have reduced the amount due claimant to $1,546.86. Of this amount, the respondent, on September 30, 1943, paid the sum of $773.45, leaving a balance of $773.41.

Claimant also alleges that there was a balance due the municipality on water bills submitted from January, 1943, through June, 1943, totaling $1,728.94. Of this amount, however, it is admitted that $1200.00 has now been paid by the respondent, leaving $528.94 unpaid upon the bills for that period. There is no dispute as to this item. The total claim, therefore, now amounts to $1302.35.

The respondent contends that the claimant has not proved its claim by preponderance of the evidence. It contends that Ralph W. Hutchison, who testified on behalf of the claimant, is not shown to have examined the

meter personally, and that the testimony of the person or persons who made the readings was not introduced. Mr. Hutchison is the Superintendent of Collections for the Water and Light Department of the City of Jacksonville, and among his duties is the compilation of bills and accounts due to the claimant from various customers, together with the billing of the customers, and the collection of accounts. He testified that when he first became Superintendent, he discovered the erroneous readings of the meter in question, and immediately sought to remedy the error. He testified that the meters had been read and the bills presented each month; that the readings were incorrect in that the reader failed to add a cipher, the same error occurring for sixteen consecutive readings before being discovered. The respondent made no objection to Mr. Hutchison's testimony; furthermore, the Department of Public Welfare, in its report forming a part of the record in the case, substantially confirmed the alleged error, which was an error in the reading of the meter, and not an error in the operation of the meter. The meter itself showed the correct reading. The court is of the opinion that the claimant has proved the material allegations of its claim by a preponderance of the evidence.

The court is also of the opinion that an allowance of this claim is not contrary to Article IV, Section 19 of the Illinois Constitution. Payment of this claim is in no way payment of extra compensation, directly or indirectly, after the rendition of services or the making of a contract. The purchase of water for use of the Illinois School for the Deaf is authorized by law. The principle involved was clearly set forth in the case of *Fergus* vs. *Brady*, 277 Ill. 272, at page 279. The Supreme Court there said:

"In Section 19, claims under any agreement or contract made by express authority of law are excepted, and if there is some particular and specific thing which an officer, board, or agency of the State is required to do, the performance of the duty is expressly authorized by law. That authority is express which confers power to do a particular identical thing set forth and declared exactly, plainly and directly, with well defined limits, and the only exception under which a contract exceeding the amount appropriated for the purpose may be valid is where it is so expressly authorized by law. An express authority is one given in direct terms, definitely and explicitly, and not left to inference or to implication, as distinguished from authority which is general, implied or not directly stated or given. An example of such express authority is found in one of the deficiency appropriations to the Southern Illinois Penitentiary which has been paid, and serves only as an illustration. The authorities in control of the penitentiary are required by law to receive, feed, clothe and guard prisoners convicted of crime and placed in their care, involving the expenditure of money, which may vary on account of the cost of clothing, food and labor beyond the control of the authorities, and which could not be accurately estimated in advance for that reason or by determining the exact number of inmates."

The authorities of the Illinois School for the Deaf have an obligation under the law equal to the obligation of the authorities in control of a state penitentiary.

The respondent also contends that any award in this case should be computed on a block commercial rate instead of a flat rate of 9.4 cents per thousand gallons. Whether or not the respondent has previously paid a flat rate pursuant to a written agreement, is disputed, but it is undisputed that for a long period of time the respondent has in fact paid claimant for water on the basis of a flat rate. The difference per thousand is very slight, and the evidence shows that the respondent has been furnished water by the claimant below the cost price to the municipality. The court is of the opinion that the claim is properly computed upon the flat rate charged by the claimant and previously paid by the respondent.

Claimant and respondent also disagree as to whether or not a compromise was offered by the respondent and accepted by the claimant. This is immaterial since the

claimant has indicated its willingness to accept the so-called compromise sum.

An award is therefore entered in favor of the claimant in the amount of $1302.35.